# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| CASSANDRA MARIE GIBSON,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>IOWA STUDENT LOAN LIQUIDITY CORPORATION,<br><br>　　　　Defendant. | No. 23-CV-1036-CJW-MAR<br><br>**ORDER GRANTING MOTION TO TRANSFER CASE TO SOUTHERN DISTRICT OF IOWA** |

_____

This matter is before the Court on the parties' joint motion for transfer of venue. (Doc. 15). The parties submitted a brief in support of the motion. (Doc. 15-1). For the following reasons, the motion is **granted**.

Plaintiff initially filed this lawsuit in Iowa state court, and defendant removed it to this Court. (Doc. 1). This proceeding includes the same defendant, and apparently the same legal issues, as one other proceeding in this district,[1] as well as two cases pending in the United States District Court for the Southern District of Iowa. (Doc. 15-1, at 1). The parties filed a joint motion to consolidate all four of the related cases in the Southern District of Iowa with the United States Judicial Panel on Multidistrict Litigation on March 29, 2024. (*Id.*). Now, at the suggestion of the Judicial Panel on Multidistrict Litigation,

---

[1] The other case in this district is *McDonald v. Iowa Student Loan Liquidity Corp.*, Case No. 1:23-cv-111-CJW-MAR. That case shares the same defense counsel and one of plaintiff's counsel is the same as here, it was removed to federal court on the same date as this case, and it shares similar legal issues as may appear in this case. The parties in *McDonald* filed a similar joint motion to transfer to the Southern District of Iowa, which the Court grants the same day the Court files this order granting the motion to transfer in this case.

the parties seek transfer of this case and the *McDonald* case to the Southern District of Iowa pursuant to Title 28, United States Code section 1404. (*Id.*).

Section 1404 provides, in relevant part:

> (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

28 U.S.C. § 1404(a). "The statute 'was drafted in accordance with the doctrine of forum non conveniens, permitting transfer to a more convenient forum, even though venue is proper.'" *In re Apple, Inc.*, 602 F.3d 909, 912 (8th Cir. 2010) (per curiam) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 634 n.30 (1964)). The Eighth Circuit Court of Appeals has instructed district courts to "weigh any 'case-specific factors' relevant to convenience and fairness to determine whether transfer is warranted." *Id.* at 912.

As the parties point out, all parties agree here that the case should be transferred to the Southern District of Iowa, so there is no issue with fairness. (Doc. 15-1, at 2). Regarding convenience, according to the parties, the "geographic distribution of the parties, counsel, and the majority of potential non-expert witnesses tilts in favor of the Southern District of Iowa." (*Id.*). Thus, it will be more convenient for the parties to litigate this case in the Southern District of Iowa. The parties note that transfer here could lead to consolidation of the various cases, which could lead to more efficient discovery and other pretrial proceedings. (*Id.*, at 3). Finally, the dispositive legal issues in the four relevant cases are apparently the same, and the parties state that transfer may prevent any potential inconsistent rulings on the issues. (*Id.*).

The Court agrees with the parties here. Having all four of the related proceedings centered in the same district will likely facilitate more efficient discovery and other pretrial matters. Also, here, the parties both consent to the transfer. Thus, neither of the main considerations—fairness and convenience—weigh against denying the parties'

request. Finally, geographic considerations show that Des Moines will be more convenient for the parties than Cedar Rapids. (Doc. 15-1).

For the reasons stated above and the other reasons stated in the parties' joint brief, (*Id.*), the parties' joint motion to transfer the case to the United States District Court for the Southern District of Iowa is **granted**.

**IT IS SO ORDERED** this 8th day of April, 2024.

_____
C.J. Williams, Chief Judge
United States District Court
Northern District of Iowa